HANSEL FREEMAN EMORY V. STATE

No. 25515. December 5, 1951.
Rehearing Denied February 13, 1952.

Hon. Robert A. Hall, Judge Presiding.

*Hughes & Monroe,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,*

Assistant Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, five years.

According to the testimony of Miss Tigert, she and deceased had gone to White Rock Lake on the night in question to fish, that upon arrival they found their accustomed spot occupied by the automobile driven by appellant in which he was seated with his female companion, that as soon as they discovered this deceased backed his automobile away from the lake, but that appellant also backed away from the lake, and that the two automobiles came to a stop near each other on the paved highway. Miss Tigert testified that at this point appellant got out of his car with a pair of pliers in his hand, cursed deceased for having shone his light on him, hit deceased over the head with the pliers, and then stabbed deceased in the stomach with the same. Miss Tigert further testified that after some additional conflict appellant drove away, leaving her to carry deceased home.

The state proved that deceased died some 30 hours later as the result of a puncture of his stomach inflicted by a blunt instrument, and that when appellant was first questioned by the officers he denied having been at White Rock Lake on the night in question.

Appellant and his companion of the evening, who was by the time of the trial his wife, both testified that the deceased had been the aggressor in the conflict and that appellant had acted in his own self defense.

One bill of exception is presented for our review. It claims that the trial court in his charge did not give appellant the benefit of his affirmative defenses under his claim of self defense.

The court qualified this bill by stating that in his main charge he had given an unlimited charge on self defense and that he had refused appellant's requested charge because, in his opinion, the same was on the weight of the evidence.

After a review of the main charge, we conclude that the trial court was correct in his qualification of the bill.

4

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

BEAUCHAMP, Judge.

In appellant's motion for rehearing he insists that he was entitled to a charge affirmatively submitting his issue of self-defense.

In his objections to the court's charge he did make this complaint. He then presented a requested charge which the court refused because, as stated in his qualification to the bill of exception, it was on the weight of the evidence. This bill need not be considered. The objections to the court's charge raise the issue. The original opinion could have gone further and said that an examination of the court's charge shows that he properly submitted the issue of self-defense in an affirmative manner applying the law to the facts of the case. This we find to be embodied within the court's charge. There was, therefore, no ground for complaint.

Appellant's motion for rehearing is overruled.